815 F.2d 78
 59 A.F.T.R.2d 87-1251
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. LEE, Co-Executor for the estate of Harry A. Lee,
Plaintiff-Appellant
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-5150.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges, and PECK, Senior Circuit Judge.
 MERRITT, Circuit Judge.
 
 
 1
 In this estate tax case, we consider whether the date-of-death value of property decedent transferred to a corporation--property over which decedent retained control although his son was the sole shareholder of the corporation--was properly includable in decedent's gross estate under Section 2036(a) of the Internal Revenue Code, 26 U.S.C. Sec. 2036(a)(1982). This case requires us to draw a distinction between the form and substance of decedent's activities, a distinction which is crucial to determine whether decedent was effecting a valid inter vivos transfer not subject to the tax. The court below granted partial summary judgment for the defendant, United States, and held that decedent had made a testamentary disposition subject to estate tax. We agree with the judgment of the District Court.
 
 I.
 
 2
 The decedent formed a Florida corporation, Halco, Inc., in 1967 whose main purpose was to deal in improved and unimproved realty. Decedent was a director and president of the corporation, and his son, Robert A. Lee, was vice-president. The corporation issued one share of stock which was issued to decedent. In 1968 decedent transferred that share to his son as a gift.
 
 
 3
 From 1968 through 1976, decedent purchased with his own funds several parcels of unimproved realty and placed title to the properties in the name of the corporation. Decedent built houses on some of these lots and financed this construction with his own funds and partly through mortgages executed by the corporation. Following the construction of these houses, some were rented, others were sold.
 
 
 4
 Decedent received the income from these rentals and sales which he reported on his personal tax returns. In addition, decedent claimed deductions on his returns for the expenses of maintaining the properties, including depreciation.
 
 
 5
 Throughout much of this period, decedent's son was outside of Florida. The son was not aware that the corporation owned any property or that it had any income or expenses. Had the son known that decedent was exercising control over the corporation's properties, he would not have approved.
 
 
 6
 Plaintiff, an executor of decedent's estate, brought this action for refund of $91,017 in federal estate tax.
 
 II.
 
 7
 Before we reach the merits of this case, we must address the question of whether this Court properly has jurisdiction over this appeal. The Estate's demand for a refund of estate taxes was based on two claims: the first involved a question of the applicability of Section 2036, and the second concerned the valuation of decedent's interest in jointly-held property. In granting partial summary judgment for the Government on the Section 2036 claim before disposing of the second claim, the District Court stated in an accompanying order: "There is no just reason for delay, and this is a final and appealable order." The Estate filed this appeal following the granting of partial summary judgment. It was several months after the filing of the appeal in this case that the other issue before the District Court in this matter was resolved.
 
 
 8
 The question presented is whether, assuming the partial summary judgment is a non-final order and that the subsequent order is a final one,[1] the Estate can maintain this appeal from the earlier order without having filed a new notice of appeal after the entry of the latter order. We believe this procedural issue is controlled by this Court's holding in Gillis v. Dep't of Health and Human Services, 759 F.2d 565, 569 (6th Cir. 1985), where this Court addressed the issue of "whether a premature notice of appeal is effective to vest this Court with jurisdiction where the remaining elements of the case have been disposed of but no new notice of appeal has been filed." The Court held that it did have jurisdiction in such a situation. Accordingly, we hold this appeal is properly before this Court.
 
 III.
 
 9
 Code Section 2036(a) reads in pertinent part:
 
 
 10
 (a) General rule. The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration of money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death -
 
 
 11
 (1) the possession or enjoyment of, or the right to the income from, the property...
 
 
 12
 26 U.S.C. Sec. 2036(a)(1982)(emphasis added). We must interpret the language concerning "the possession or enjoyment of ... the property" to determine whether decedent retained an interest in the property at issue which did not terminate until his death.
 
 
 13
 District Judge Ballantine correctly analyzed the overall issue, and we therefore adopt his general reasoning. The District Court stated:
 
 
 14
 The purpose of Section 2036 is to include in decedent's taxable estate all property of which he in fact had the beneficial enjoyment during his life. Here decedent purportedly transferred his interest in Halco to his son when the stock was conveyed to him. Yet, it is undisputed that decedent enjoyed the property since he received the income earned by the corporation. Decedent, having retained an interest in the property which did not terminate until his death, acted to ensure the transfer of the Halco stock was in fact a testamentary--not inter vivos--disposition. In light of the purpose of this statute and in the absence of any precedent which would otherwise control our decision, this Court finds that decedent, having received the income from the transferred property, must have the value of the Halco stock at the time of his death included in his gross estate.
 
 
 15
 One issue raised by the Estate concerning non-income producing property requires additional consideration. The Estate argues as follows: "Since income equals enjoyment according to Church [Commissioner v. Estate of Church, 335 U.S. 632 (1949) ] all non-income producing property should have been excluded. Perhaps the lower Court would have been correct if it had required inclusion of the rental properties and contracts for deed and excluded the vacant lots and acreage." Brief for Appellee at 19-20.
 
 
 16
 We reject the Estate's argument that the non-income producing property should be treated differently. The Estate is urging on this Court a distinction which we believe to be largely academic in this case. The evidence is overwhelming that decedent treated the entire corporation and its assets as his own subject to his total control. The fact that the vacant acreage did not produce income is beside the point in light of the facts in this case and the purpose of Section 2036. It just so happened that this acreage produced no income during decedent's lifetime. Given decedent's control over the corporation, it is reasonable to infer that decedent would have treated income from such property just as he did income from other property, i.e., as his own, thereby subjecting it to estate tax.
 
 
 17
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 Whether the partial summary judgment is a non-final order depends on whether the District Court complied with F.R.Civ.P. 54(b) which provides that the "court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay...." We do not reach this issue in light of our disposition below under the holding in Gillis v. Dep't of Health and Human Services, 759 F.2d 565 (6th Cir. 1985)